# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

DANA STEVENSON,

    Plaintiff,

v.                                        Case No. 2:22-cv-00155

SOUTH CENTRAL REGIONAL JAIL OFFICERS,

    Defendants.

## ORDER AND NOTICE

On March 18, 2025, the undersigned conducted a telephonic status conference and motions hearing in the above-referenced civil action. Plaintiff, Dana Stevenson, participated by telephone from FCI Ray Brook, in Ray Brook, New York. William E. Murray, counsel for Defendants, also appeared by telephone. Pending before the court is Plaintiff's combined Motion for Leave to Amend Second Amended Complaint and Motion for Appointment of Counsel (ECF No. 95). In that motion, Plaintiff seeks to add a claim against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The only basis provided by Plaintiff for such a claim is that he was in federal custody as a pre-trial detainee being housed under contract at the South Central Regional Jail ("SCRJ") at the time of the alleged assault that is the subject matter of this civil action.[1] He provides no further factual allegations to support this claim.

Plaintiff's complaint is grounded in the allegation that an as-yet-unidentified correctional officer who was working in the control tower over Plaintiff's unit at the SCRJ

---

[1] Plaintiff's motion for leave to amend asserts that he was in the custody of the Federal Bureau of Prisons ("BOP"). (ECF No. 95 at 1). However, as a federal pre-trial detainee, it appears that Plaintiff would have been in the custody of the United States Marshals Service, not the BOP, at that time.

unlocked Plaintiff's cell door during a lockdown for "count" and allowed two inmates to enter Plaintiff's cell and assault him, including stabbing multiple times, resulting in serious injuries to Plaintiff which required hospitalization. From the outset of this matter, however, Plaintiff has been unable to identify the tower officer or other individual correctional officers or staff that he believes are responsible for these actions.[2]

Upon order of the Court, Mr. Murray provided Plaintiff with copies of an investigative report and relevant video evidence, but further indicated that no shift log for the control tower on the "B-shift," when this incident occurred, has been located. According to Mr. Murray, he also provided Plaintiff with an e-mail indicating that, at that time, several correctional officers were on temporary assignment from the Southwestern Regional Jail ("SWRJ") and one of them could have been working as the tower officer on that date.

On July 2, 2024, after receipt of this information, Plaintiff filed his Second Amended Complaint naming the following individual defendants: Jimmy Chris Witt; Carlos Turner; Aaron Payne; and M. Mullins. (ECF No. 81). Upon inquiry by the undersigned's staff about whether Mr. Murray could accept or waive service of process for any of these defendants, Mr. Murray indicated there were still problems concerning the naming of these individuals and he requested the instant status conference/hearing.

During the March 18, 2025 hearing, Mr. Murray indicated that three of the four individuals named in the Second Amended Complaint (all except for Aaron Payne) were

---

[2] Ronnie Thompson, who was the Superintendent of the SCRJ at the time the initial complaint was filed, was served with process, but Mr. Murray, who was retained as Thompson's counsel subsequently indicated that Thompson was not the Warden/Superintendent at the time of the subject incident and has not been alleged to have been present or otherwise involved in the incident, making him an improper defendant. Thus, Plaintiff agreed to voluntarily dismiss Thompson as a defendant during a previous status conference held on December 13, 2023. (ECF No. 47).

not working at the SCRJ on the date in question and, thus, would not be proper defendants herein. However, Mr. Murray further indicated that there were two other individuals named in the materials he sent to Plaintiff, Alicia Smith and Ralph Hager, who were supposedly sent from the SWRJ to the SCRJ on that date, and may have been assigned to work in Plaintiff's unit or the tower, but he could not say for sure.

In light of this additional information, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Amend Second Amended Complaint (ECF No. 95-1) is **GRANTED** to the extent that Plaintiff shall be granted leave to file a Third Amended Complaint by **April 18, 2025**. Plaintiff's Third Amended Complaint must identify, to the best of Plaintiff's information and belief, each individual or entity he seeks to name as a defendant. Plaintiff must also state what constitutional, statutory, or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights. The Third Amended Complaint should also specify the relief Plaintiff seeks from each defendant. To the extent that Plaintiff seeks to allege an FTCA claim against the United States of America, he must specifically allege the factual basis for his claim and whether he timely exhausted the administrative claim process, as addressed in 28 U.S.C. § 2675(a), which is a jurisdictional requirement for such a claim.

The plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior complaints or to incorporate the same by reference in the Second Amended Complaint. The Third Amended Complaint will supersede the prior complaints, and there must be **one integrated document** that will provide the defendant(s) with notice of the claims and allegations against them. Plaintiff is further

**NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of all the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" and each type of claim, if more than one, should be set out in a separate count, to promote clarity.  Fed. R. Civ. P. 10.

Plaintiff's motion also included another request for appointment of counsel (ECF No. 95-2).  As previously explained, there is no right to appointment of counsel in a civil action such as this, and, pursuant to 28 U.S.C. § 1915(e)(1), the Court may only ask an attorney to represent Plaintiff but does not have the power to mandate that an attorney accept such representation or to provide for payment for such representation.  A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the Court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

Recently, the Fourth Circuit held that, in determining whether such exceptional circumstances exist, courts must assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities. *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024).  The *Jenkins* Court further emphasized that "a district court should consider a litigant's carceral status, educational background, legal understanding, mental illness, and ability to access both legal research materials and evidence, as well as whether the case depends on the competing credibility of witnesses, who the pro se litigant would have difficulty cross-examining without the aid of a lawyer." *Brightwell v. Temesgen*, No. CV BAH-23-797, 2024 WL 3597192, at *9 (D. Md. July 31,

2024) (citing *Jenkins*, 109 F.4th at 248-49). Plaintiff's motion fails to address these factors in any detail. Nonetheless, given the difficulty that Plaintiff has expressed in obtaining the necessary information to properly state a plausible claim for relief herein, the undersigned will inquire of several local attorneys about representing Plaintiff herein before ruling on the instant request for counsel. Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 95-2) is taken under advisement. It is further **ORDERED** that this matter shall be **STAYED** and moved to the inactive docket pending further **ORDER** of the Court after the filing of the Third Amended Complaint.

Plaintiff is again **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information, including his transfer or release from his present correctional facility. Plaintiff is further **NOTIFIED** that the failure to do so will result in the recommended dismissal of this matter for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk is directed to mail a copy of this Order and Notice, a blank section 1983 complaint form containing only the Plaintiff's name and the Case Number, and a notation that it is a "Third Amended Complaint," but no further information, in the style thereof, and an updated docket sheet, to Plaintiff, and to transmit a copy of this Order and Notice to counsel of record.

ENTER:   March 18, 2025

Dwane L. Tinsley
United States Magistrate Judge

5