IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DANA STEVENSON,

    Plaintiff,

v.                                               Case No. 2:22-cv-00155

AARON PAYNE, *et al.*,

    Defendants.

## ORDER

Pending before the court is Plaintiff's Letter-Form Motion to Recuse (ECF No. 109-2). In pertinent part this motion contends that "the judge over my case" (which is construed to mean the undersigned Magistrate Judge) is "prejudiced" because he has denied Plaintiff's multiple motions for appointment of counsel. (*Id.*) The motion states "I have sent case laws like mine where others have gotten counsel." (*Id.*) Thus, Plaintiff asks for "Judge Goodwin or anyone else" to preside over his case. (*Id.*)

Motions to Recuse or disqualify a federal judge are governed by 28 U.S.C. § 455. Specifically, Plaintiff's conclusory motion appears to implicate subsections (a) and (b)(1) of that statute. Title 28, United States Code, Section 455(a) provides, in pertinent part, that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) also mandates disqualification where a magistrate judge "has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1).

The standard for determining disqualification is "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality

on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998); *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989). This is an objective standard and recusal under section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (concluding that a reasonable person would not be convinced of bias based on judicial rulings alone). The plaintiff bears the burden of proving facts that justify recusal. *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

In accordance with the provisions of 28 U.S.C. §§ 455(a) and (b)(1), the undersigned denies having any personal bias or prejudice concerning the parties herein, and firmly believes that his impartiality cannot reasonably be questioned in this case. Plaintiff's assertions appear to be based solely on the fact that the undersigned has not found exceptional circumstances that would warrant the court seeking counsel to represent Plaintiff and Plaintiff's dissatisfaction with the undersigned's rulings on that issue. However, "prior rulings in a proceeding do not ordinarily constitute grounds for disqualification solely because the rulings were adverse." *United States v. Robinson*, 770 F. App'x 627, 628 (4th Cir. 2019) (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (per curiam)); *see also, e.g., United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (citing *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir.2002) ("A judge should not be disqualified for faithfully performing the duties of his office. Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge."); *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979) (Allegations concerning only judicial conduct, *i.e.*, prior rulings by the court, were insufficient grounds for disqualification of judge.")

2

Thus, the undersigned finds no basis under section 455 to recuse or disqualify himself from presiding in the instant civil action. Accordingly, it is hereby **ORDERED** that Plaintiff's Letter-Form Motion to Recuse (ECF No. 109-2) is **DENIED**.

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER: March 5, 2026

_____
Dwane L. Tinsley
United States Magistrate Judge