IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DANA STEVENSON,

      Plaintiff,

v.                                                                    Case No. 2:22-cv-00155

AARON PAYNE, ALISHA SMITH and
RALPH HAGER,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Defendant Aaron Payne's Motion to Dismiss Third Amended Complaint (ECF No. 106).

I.     *PLAINTIFF'S ALLEGATIONS AND RELEVANT PROCEDURAL HISTORY*

On May 5, 2025, Plaintiff filed the operative Third Amended Complaint, seeking to hold the three defendants named therein liable for injuries Plaintiff sustained in an assault by other inmates at the South Central Regional Jail on December 1, 2021, at a time when inmates were "required to be secured in their cells." (ECF No. 100 at 5). The Third Amended Complaint specifically alleges that Correctional Officers Alisha Smith and Ralph Hager were "negligent and committed deliberate indifference by allowing this attack by opening the cell doors." (*Id.*) He further claims that those officers were "disregarding policy governing the security of the jail and [Plaintiff's] well being" and that

his "near-death assault wouldn't have happened" but for their conduct. (*Id.* at 5-6). Plaintiff alleges that he was "stabbed 22 times with sharpened home made knife by multiple inmates who [he] didn't know" and that the attack "nearly killed [him]." (*Id.* at 6). Plaintiff further alleges that he was "rushed to the hospital" for treatment of his "near death stab wounds" and that he still suffers physical disabilities and emotional and psychological distress from this incident for which he seeks monetary damages. (*Id.* at 6-7).

On November 19, 2025, Defendant Aaron Payne ("Payne") filed a Motion to Dismiss (ECF No. 106) and Memorandum of Law in support thereof (ECF No. 107), asserting that Plaintiff's Third Amended Complaint fails to allege a plausible claim for relief against him. Payne contends that he was serving as a Captain and Shift Commander on duty on the date in question and that the Third Amended Complaint "contains no factual allegations that [he] was present during the attack, gave any order related to cell doors, or had any prior knowledge that an attack was imminent." (ECF No. 107 at 2). Consequently, Payne contends that Plaintiff's conclusory allegations that "staff violated policy" and that he, "as a supervisor, is responsible" are insufficient as a matter of law to state a plausible claim for relief against him. (*Id.*)

On November 19, 2025, the undersigned entered an Order and Notice advising Plaintiff of his right to respond to Payne's Motion to Dismiss and setting deadlines for a response and reply. (ECF No. 108). Applying the prison mailbox rule,[1] Plaintiff timely

---

1 The "prison mailbox rule" deems a document filed as of the date that a prisoner delivers it to prison officials to be mailed to the court. *See Houston v. Lack*, 487 U.S, 266 (1988); *see also United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) ("pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'"). Accordingly, the undersigned deems Plaintiff's response to Defendant Payne's Motion to Dismiss to have been filed, at the latest, as of December 9, 2025,

filed a cursory response to Payne's motion to dismiss. (ECF No. 109). The response merely requests that the court "not [] drop any of the defendants of this case . . . because every last one of the defendants is in the wrong" and that he has "video showing this." (*Id.* at 1).

On December 22, 2025, Payne filed a reply brief asserting that "Plaintiff's one-paragraph response (ECF No. 109) does nothing to cure the pleading deficiencies identified in [his motion]." (ECF No. 110 at 1). Payne further asserts that Plaintiff offers no legal analysis or authority and that his contention that video evidence would support his claims is not appropriate at the motion to dismiss stage, which "evaluates only the factual allegations contained in the complaint – not evidence outside the pleadings and not promises of proof." (*Id.*) Again, Payne contends that Plaintiff's Third Amended Complaint contains no allegations whatsoever concerning Payne's conduct and does not satisfy the elements of a supervisory liability claim against him and rightfully asserts that Plaintiff may not amend his complaint through his response brief. (*Id.* at 1-2). Payne's motion to dismiss is ripe for resolution.

## II.    STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

when it was, according to the date stamp on the accompanying envelope, deposited for mailing to the court.

555 (2007))).    However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts against each defendant "to state a claim to relief that is plausible on its face."    *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."    *Iqbal*, 556 U.S. at 678.    Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).    A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.    *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."    *Iqbal*, 556 U.S. at 679.    This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief."    *Id*.    Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense."    *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged."    *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447,

452 (4th Cir. 2017) (internal quotation marks omitted). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because the Defendants' motion is filed under Rule 12(b)(6), the undersigned will only address the sufficiency of the complaint itself and declines to consider any other evidence suggested by the parties at this stage of the proceedings. *See, e.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (when considering a Rule 12(b)(6) motion, it is generally inappropriate for the district court to consider documents outside the complaint, or not integral thereto, where the parties have not had an opportunity for reasonable discovery).

### III.   DISCUSSION

As asserted above, Defendant Payne's motion documents contend that Plaintiff's Third Amended Complaint does not contain sufficient allegations to support any claim against him. First, Payne contends that, under § 1983, "[a] defendant cannot be held liable merely because he supervised others" as § 1983 liability cannot be premised on a theory of *respondeat superior*. (ECF No. 107 at 3). The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See, e.g., Love-Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2004).

Payne further cites to the standard for supervisory liability set forth by the Fourth Circuit in *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), contending that, even if Plaintiff's claim against him is liberally construed as alleging supervisory liability, his allegations do not satisfy the essential elements of such a claim. In *Shaw*, the Court

5

established three elements of supervisory liability:

> (1) That the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

13 F.3d at 799.

To survive a motion to dismiss on a claim of supervisory liability, then, Plaintiff must show that a supervisory defendant, such as Payne, through his own individual actions, has violated the Constitution. "[A] complaint must allege liability 'person by person'" and "must contain specific allegations of each individual's conduct and state of mind." *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023) (citing *Iqbal*, 556 U.S. at 676-77). Therefore, "boilerplate conclusion[s]—lacking defendant specificity and factual support—do[] not state a claim for relief." *Id.* (citing *Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 258 (4th Cir. 2022)); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (a viable § 1983 claim requires factual detail about each defendant's personal involvement); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"); *Williams v. Dotson*, No. 7:25-cv-00522, 2026 WL 87652, at *1 (W.D. Va. Jan. 12, 2026) (dismissing supervisory liability claim under Rule 12(b)(6)) ; *Proctor v. Scruggs*, No. MJM-24-cv-251, 2025 WL 3562556, at *7 (D. Md. Dec. 12, 2025) (same).

6

Here, Payne contends that "[t]here are no facts showing that Defendant Payne knew of prior similar incidents, ignored a known risk, or failed to act in response to a specific danger." (ECF No. 107 at 4). Payne further asserts that Plaintiff's repeated characterization of staff conduct as "negligent" or "in violation of policy" is insufficient to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 835 (4th Cir. 1994) (negligence does not amount to deliberate indifference under the Eighth Amendment); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (same); *Abney v. Coe*, 493 F.3d 412 (4th Cir. 2007) (a violation of departmental policy does not equate with a constitutional violation). (ECF No. 107 at 4). Nor has Plaintiff specifically alleged how Payne himself acted negligently to sufficiently support any separate state law negligence claim.

The undersigned agrees that there is a complete absence of factual allegations in the Third Amended Complaint concerning personal conduct by Defendant Payne that could give rise to a plausible claim of supervisory or other liability against him. As noted in Payne's memorandum of law and reply brief, the complaint document does not allege that Payne "opened cell doors, directed staff to open them, was on B-Pod at the time, or had prior knowledge of any risk to Plaintiff." (ECF No. 107 at 3; ECF No. 110 at 2). Plaintiff's response does not sufficiently rebut those contentions and his attempted reliance on alleged extrinsic evidence does not cure his pleading deficiencies. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Third Amended Complaint fails to state any plausible claim for relief against Defendant Payne and his motion to dismiss should be granted.

## IV.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant Aaron Payne's Motion to Dismiss Third Amended Complaint (ECF No. 106) and **DISMISS** Payne as a defendant herein. However, this matter should remain referred to the undersigned United States Magistrate Judge for additional proceedings against Defendants Alisha Smith and Ralph Hager.

This "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Fed. R. Civ. P. 6(d) and 72(b), the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.   Extension of this period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to the opposing parties and Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy of the same to Plaintiff, and transmit a copy to counsel of record.

March 5, 2026

Dwane L. Tinsley
United States Magistrate Judge

9